IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

D'ANDRE WOODS,

                              Plaintiff,                    Case No. 3:05 CV 7060

                -vs-

                                                           MEMORANDUM  OPINION
DAVID A. LAGRANGE, et al.,

                              Defendant.

KATZ, J.

        This matter is before the Court on a motion for judgment on the pleadings by Defendants

City of Tiffin ("the City") and its Police Chief, David LaGrange (Doc. No. 19). Plaintiff D'Andre

Woods has responded (Doc. No. 21); the City and Chief LaGrange have replied (Doc. No. 28).

The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1367(a). For the reasons that

follow, Defendants' motion is granted. Additionally, the remainder of Plaintiff's claims are

dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

        In an article reporting that the Tiffin, Ohio, city counsel had voted to prohibit more than

one "pit bull" per household, the Tiffin *Advertiser-Tribune* stated that "Tiffin Police Chief David

LaGrange said D'Andre Woods of Tiffin was charged twice with letting pit bulls run loose. He

said the second charge, a felony, is pending in the Seneca County Common Pleas court." The

article also appeared on the *Advertiser-Tribune*'s web site, and was broadcast on the WTTF radio

station. Plaintiff Woods claims "the charge that the plaintiff was letting pit bulls run loose" and

"the charge that the plaintiff has been charged with a felony" were both false, and that Chief LaGrange knew it.

Woods has sued the City and Chief LaGrange; the *Advertiser-Tribune* and its owner, Ogden Newspapers; and WTTF and its owner, Clear Channel Communications, Inc. He claims the City and Chief LaGrange violated his civil rights "by reporting knowingly false information; [and] by violating the rights of the plaintiff as a class of one." Additionally, he claims the City failed to properly train and supervise Chief LaGrange. Finally, Woods claims the *Advertiser-Tribune*, WTTF, and their owners (collectively, the "Media Defendants") committed libel per se, intentionally inflicted emotional distress upon him, and invaded his privacy. Woods states that he has suffered "outrageous physical and psychological harm" and has been humiliated by the false charges. He seeks $1,000,000 in compensatory and punitive damages, plus attorneys' fees under 42 U.S.C. § 1988.

## DISCUSSION

The City and Chief LaGrange have moved for judgment on the pleadings. They claim the defamation Woods alleges cannot provide the basis for a constitutional tort claim, or a claim that the City improperly supervised the Chief. Additionally, Chief LaGrange asserts qualified immunity.

### A. *Judgment on the Pleadings Standard*

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In determining a defendant's motion for judgment on the pleadings, this Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the

2

plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). But, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

*B.  Substantive Due Process*

Woods claims Chief LaGrange's false statement violated his civil rights. Title 42 U.S.C. § 1983 provides a remedy to plaintiffs deprived of rights secured by the United States Constitution or by a federal statute, where the deprivation occurs under the color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

The Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of law. U.S. Const. amd. 14 § 1. However, "injury to reputation by itself [is] not a 'liberty' interest protected under the Fourteenth Amendment," and, therefore, "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). While "[m]ost defamation plaintiffs attempt to show some sort of special damage and out-of-pocket loss which flows from the injury to their reputation[,] . . . so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [constitutional tort] action." *Id*. at 234.

Indeed, defamation only implicates the due process clause where "the governmental action taken . . . deprive[s] the individual of a right previously held under state law." *Davis v. Paul*, 424 U.S. 693, 708 (1976). To show such deprivation, a plaintiff must demonstrate that he lost a "governmental right, benefit or entitlement," at the same time the defamation occurred. *Mertik v.*

3

*Blalock*, 983 F.2d 1353, 1363 (6th Cir. 1993) (citing *Siegert*). Defamation impairing the plaintiff's interest in pursuing his occupation, or in future employment, does not amount to the loss of a governmental right, benefit, or entitlement, and does not violate the due process clause. *Id.* at 1362-63; *Jackson v. Heh*, No. 98-4420, 2000 U.S. App. LEXIS 14075, at *17 (6th Cir. June 2, 2000) (unpublished).

Here, Woods claims only that the defamation caused him "outrageous physical and psychological harm" and "humiliation." He does not allege the deprivation of any governmental right, benefit, or entitlement. In response to Defendants' motion, he argues that the City has harassed him by "interfering with his right to conduct his business of raising canines," and has "thwarted" his ability to engage in his "business venture." This argument fails to save Woods's due process claim for two reasons: first, it appears nowhere in his Complaint, and, second, even if it did, the above-cited cases indicate that defamation merely interfering with the plaintiff's ability to pursue his occupation does not rise to the level of a constitutional violation.

It is possible that Woods does not actually intend to argue in his Response that the City's *defamation* interfered with his canine business, but rather that *the new city ordinance itself*, limiting citizens to one "pit-bull" per household, is what thwarted his ability to ply his trade. Indeed, Woods all but admits in his Response that his defamation claim must fail. *See* (Doc. No. 21, p. 1) ("substantive due process claims involving reputational rights have generally fared poorly in the courts") (citing *Siegert* and *Jackson*). Instead, Woods claims his case is analogous to *Bacon v. Patera*, 772 F.2d 259 (6th Cir. 1985), in which a police chief required a private investigator, who had a contract to provide security services to a restaurant, to obtain a police

4

officer's commission before working in the city. 772 F.2d at 262. The Sixth Circuit held that the police chief infringed upon the investigator's protected liberty interest. *Id*. at 264.

Woods does not state a claim which may be granted under *Bacon*. To the extent Woods argues in his Response that the ordinance itself, as opposed to the defamation, injured his business, his argument is inapposite because he plead no such injury: Woods's Complaint states only that he was injured by publication of false statements. The Sixth Circuit has held that *Bacon* cannot support a conclusion that defamation affecting a plaintiff's employment opportunities violates the constitution. *Jackson*, 2000 U.S. App. LEXIS at *20-21. In sum, Woods's due process claim against the City and the Chief, based on defamation causing humiliation and emotional distress, fails to state a claim upon which relief may be granted.

*C. Equal Protection*

Woods also claims in his Response that the City and the Chief violated his equal protection rights as a "class of one" under *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). Equal protection claims on behalf of a class of one may succeed "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook*, 528 U.S. at 564. Though Woods's Complaint states the conclusory allegation that the City and the Chief violated his rights as a class of one, the Complaint does not allege facts showing that the Defendants treated differently others who were similarly situated, or that such treatment was irrational. Therefore, Woods has failed to state an equal protection claim on which relief may be granted.

*D.  Failure to Properly Train and Supervise*

Finally, Woods claims the City of Tiffin failed to properly supervise Chief LaGrange. The Supreme Court has held that "a municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.* 436 U.S. 658, 691 (1978). Rather, a city may be liable under § 1983 for the constitutional torts of its agents only when they are committed pursuant to a city "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id*. at 694.

As explained above, Woods has failed to properly allege that a City agent committed a constitutional tort. Additionally, he has failed to allege the existence of a City policy or custom that caused his injury. *Jackson*, 2000 U.S. App. LEXIS at *22-23. Woods therefore fails to state a claim upon which relief may be granted under *Monell*.

*E. Qualified Immunity*

Chief LaGrange asserts that he is entitled to qualified immunity. The Sixth Circuit instructs that:

> In evaluating the merits of a qualified immunity defense, we must engage in a two-step analysis: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and if so, (2) whether that right was clearly established.

*Ciminillo v. Streicher*, No. 04-4346, 2006 U.S. App. LEXIS 1020, at *12 (6th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert*, 500 U.S. at 232. Where the plaintiff fails to assert conduct

6

amounting to the violation of a constitutional right, qualified immunity exists. *Id.* at 232-33. As explained above, such is the case here. Chief LaGrange is therefore entitled to qualified immunity.

*F. Supplemental Jurisdiction*

When a federal district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over pendant state claims. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

The Court has granted judgment on the pleadings to Defendants on Woods's only federal claims. Woods has not and could not invoke diversity-of-citizenship jurisdiction over his remaining state-law claims against the Media Defendants for libel per se, intentional infliction of emotional distress, and invasion of privacy. Thus, the Court lacks original jurisdiction. At this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Woods's state-law claims, which are hereby dismissed without prejudice.

## CONCLUSION

Based on the foregoing, the motion for judgment on the pleadings of Defendants City of Tiffin and David LaGrange (Doc. No. 19) is granted. Plaintiff's remaining claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.

　　S/ *David A. Katz*　　　　
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE